# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**SUPERIOR BOAT WORKS, INC.**                                       **APPELLANT**

**v.**                         **CIVIL ACTION NO. 4:04CV177**

**LADY LUCK MISSISSIPPI, INC. et al**                          **APPELLEES**

## ORDER

This cause comes before the court on the appeal of Superior Boat Works, Inc. ("Superior") from an adverse ruling issued by U.S. Bankruptcy Judge David W. Houston, III following a seventeen-day bench trial held in the fall of 1996.[1] The underlying dispute in this case is a contractual one which required judicial intervention to resolve the numerous disputes caused by parties contracting for the building of a riverboat casino (now the Lady Luck Casino in Natchez) under terms which gave rise to serious disagreements among the parties. In particular, the dispute in this case centers around a contract signed on February 20, 1993 which set a $ 6.4 million price for the completion of the floating casino in question. The shipbuilder Superior alleges that it incurred expenses in building the casino which exceeded the $6.4 million payment called for under the contract and which caused it to suffer a loss on the contract. The primary question which Judge Houston, and now this court, was required to resolve was whether the February, 1993 was a "fixed price" contract whose provisions Superior is required to accept, notwithstanding its financial loss on the project.

---

[1] Superior filed this appeal with this court on June 22, 2004.

In his November 5, 1996 ruling granting defendant's motion to dismiss following the presentation of plaintiff's case in chief, Judge Houston ruled as follows:

> In the opinion of the Court, this is a fixed price contract. It fixes the contract price at 6.4 million dollars, but it is clearly subject to any changes to the project occurring, in the opinion of the court, after February 20, 1993. This contract is certainly not a perfect document, but it is enforceable. Perhaps it does contain ambiguities. This does not render the contract a nullity. The ambiguities have been explained to the satisfaction of the Court by the extrinsic and parol evidence which was admitted. There was no mutual mistake. Perhaps there could have been a unilateral mistake on the part of the Plaintiff, but this is legally insufficient. It is only where both parties are mistaken as to a material aspect of the contract when a court can rescind or void the parties' obligations.

( transcript of Judge Houston's ruling at 11-12). Months later, Judge Houston further ruled that any compensation to which Superior was entitled to did not exceed the amounts which defendant Lady Luck had already paid.

In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. See 28 U.S.C. § 158(c); *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard, while conclusions of law are reviewed *de novo*. *In re Kennard*, 970 F.2d 1455, 1457-58 (5th Cir. 1992); *In re Hammons*, 614 F.2d 399, 403 (5th Cir. 1980). *See also* Bankr. Rule 8013. In its appeal, Superior argues that Judge Houston erred in holding the contract to be an enforceable fixed rate contract, that he erred in computing the damages due, and that he erred in "not awarding Superior judgment for changes." A review of the parties' briefs and of Judge Houston's ruling makes it clear that the rulings from which Superior appeals were based heavily upon Judge Houston's findings of fact after carefully considering seventeen days of testimony at trial. The law provides for a "clearly erroneous"

2

standard on appeal from such findings of fact, and it seems clear that it would be a virtual impossibility for this court to gain from the written record in this case anything approaching the level of familiarity with the facts of this case which Judge Houston achieved after personally observing the lengthy testimony at trial.

It is apparent that a resolution of the difficult issues in this case requires both an interpretation of the letter of a contract agreed to between the parties and the intent of the parties in executing that contract. In such a case, being able to personally witness the testimony of the principal parties to the contract and to evaluate their credibility is clearly of great benefit to the trier of fact. Judge Houston made it clear in his ruling that he had a close and difficult decision to make, and it is apparent that such is the case. However, the court has little difficulty in concluding that Judge Houston's ruling was not clearly erroneous, and the court finds no basis for concluding that he applied incorrect legal standards in this case.

In light of the foregoing, it is ORDERED that the ruling of Judge Houston is affirmed in its entirety.

SO ORDERED, this 26th day of September, 2006.

                                                **/s/ Michael P. Mills**
                                                **UNITED STATES DISTRICT JUDGE**